(Scott v. R. R., 96 N.C. 428; Kirk v. R. R., 94 N.C. 625; cited and approved.)
The complaint alleges that the defendant, by the negligent and unskillful management of one of its locomotives and cars attached, ran over the plaintiff's arm and broke it, and caused other injuries, by which he sustained damages to the amount of $20,000. And for a second cause of action, that "the plaintiff being employed by the defendant as a carpenter in its shops at Charlotte, the defendant by its servants, superior in authority to the plaintiff, required the plaintiff to go to a point on its railway . . . and there do and perform certain work for which he had not been hired, to wit, to go under and inspect a number of cars belonging to the defendant, . . . and while the plaintiff was so under the said cars inspecting the same, the defendant, by its servants not engaged in the same common employment with the plaintiff," negligently caused the engines and cars to crush his arm, etc.
(83) The answer denies that the plaintiff was injured by the defendant corporation or any of its agents or servants, but on the contrary, avers that the injuries received by the plaintiff resulted from his own negligence.
To the second cause of action the defendant answers, denying that the plaintiff was employed exclusively as a carpenter, but avers that he was employed to do all such work as might be required of him by the foreman of the shop, and admits that on the occasion of the injury, the plaintiff, at the request of the foreman, and without any objection, went to the place designated in the complaint for the purpose stated, but *Page 83 
denies that the injuries received were caused by the negligence of the defendant, or any of its agents or employees, but avers that the injury sustained by the plaintiff was the consequence of his own negligence. And for a further defense, the defendant avers, "that if the plaintiff was injured by the negligence of any of the agents or employees of this defendant, that said agents or employees were the fellow-servants of the plaintiff, employed with him in the same common employment, and that defendant is not responsible to plaintiff for the consequences of their acts."
Issues were tendered by the plaintiff, which were objected to by the defendant, who tendered the following issues:
I. Was the injury to the plaintiff caused by the negligence of defendant?
II. Did the plaintiff contribute by his own negligence to the injury?
III. Was the injury caused by the negligence of a servant of the company; if so, which one?
IV. What damage, if any, did the plaintiff sustain by reason of his injury?
V. Was the plaintiff employed to work exclusively as a carpenter, or was he employed to do such work as the company wished him to do?
VI. Was Harris, the engineer, an unfit servant?
VII. Did the defendant have knowledge of his unfitness?
His Honor refused to submit these issues, as tendered by the (84) defendant, and it excepted.
The issues were submitted by his Honor, which, with the responses of the jury, are as follows:
I. Was the plaintiff injured by the negligence of defendant's servants or agents? Answer: Yes.
II. By the negligence of which servants or agents was the plaintiff injured? Answer: Harris.
III. Was the defendant negligent in the employment or retention of the fellow-servants of plaintiff; if so, which one? Answer: Yes; Harris.
IV. What damage, if any, is plaintiff entitled to recover? Answer: Ten thousand dollars.
There was a verdict for the plaintiff, and the defendant appealed.
The issues are made by the allegations of the complaint and the denials of the answer; or when affirmative matter of defense is averred in the answer, by such averment and the *Page 84 
replication, but it does not necessarily follow, that every allegation of a fact which is denied, must be submitted to the jury as an issue. The issues submitted should be only those evolved from the pleadings, necessary todetermine the controversy, and every issue of fact necessary for that purpose ought to be either distinctly submitted, or, under the instruction of the court, clearly embraced in some issue that is submitted.
Was the defendant entitled to have any one of the issues tendered by him submitted to the jury? The allegation of negligence is distinctly denied, and contributory negligence on the part of the plaintiff distinctly averred, and this raised an issue, which the defendant (85) had a right to have submitted to the jury, unless so comprehended in some other issue, that, under the instruction of the court, the question of contributory negligence could be fairly presented to the jury, as was the case in Scott v. R. R., 96 N.C. 428.
When this case was before this Court at a former term, 94 N.C. 625, it appears that the issues submitted to the jury were:
"1. Was the plaintiff's injury caused by the defendant's negligence?
"2. Was the plaintiff's negligence contributory thereto?
"3. What damages is he entitled to?"
One of the exceptions to the ruling of the court below upon that appeal was the refusal of the issue tendered by the defendant:
"Was the injury caused by the negligence of a servant of the company; if so, which one?"
We think the defendant was entitled to this issue. Perhaps, under proper instructions from the court in regard to the law as applicable to the different phases in which the evidence might be viewed by the jury, it might be included in the first issue that was submitted, but there was no instruction given the jury as to what constituted a fellow-servant, or of contributory negligence in relation thereto, and taken in connection with the third issue, which is not eliminated from any allegation in the complaint and denial in the answer, we think the issue as submitted was calculated to mislead the jury, and that the defendant was entitled to the first four issues tendered. With proper instructions from the court, every question necessary to decide the matter in controversy can be presented to the jury, and answered under these issues.
We think there was error in the refusal to submit the issues tendered, and that this error was not cured by those submitted, or by any instruction of his Honor to the jury, and this renders it unnecessary for us to consider the other exceptions.
(86) The defendant is entitled to a new trial. Let this be certified.
Error. Reversed. *Page 85 
 Cited: McAdoo v. R. R., 105 N.C. 151; Braswell v. Johnston, 108 N.C. 152;Smith v. R. R., 114 N.C. 763; Morrisett v. Cotton Mills, 151 N.C. 32;Kerner v. R. R., 170 N.C. 96; Roper v. Leary, 171 N.C. 37; Huttonv. Horton, 178 N.C. 553.