## Hill v. Wing, et al.

### Injunction.

(Decided April 15, 1915. Rehearing denied June 30, 1915. 69 South. 445.)

1. *Easements; Prescription; Right of Way; Adverse User.*—Where the alley ran through the premises of the respondent and abutted on the side of complainant's lot, an obstruction therein will not be enjoined under the evidence in this case, since it fails to show an adverse user.

2. *Dedication; Public Use; Private Way.*—Dedication can properly be made only to the public use, and a private right of way cannot be created by dedication.

3. *Easements; Right of Way; Prescrpition; Requisites.*—Where a right of way or other easement is claimed by a private person by prescription, the user and enjoyment must have been adverse to the owner of the estate upon which the easement is claimed, under a claim of right, exclusive, continuous and uninterrupted, and with the active or presumptive knowledge of such owner.

4. *Same; Permissive Use.*—User which is merely permissive, or which exists by the toleration of the owner, and in subordination to, and in recognition of an implied license from him, will not mature into title by prescription, but is revocable at pleasure.

5. *Same; Way of Necessity.*—Where complaint's lot fronted on Dexter avenue, and ran back at right angles with said avenue, and parallel Perry street, and formed the end of a private alley, fronting on Perry street, and bounded on each side by defendant's property, the complainaint, in the absence of any valid conveyance had no right

to use the alley as a way of necessity, such a way being of strict necessity and may not be created by the party claiming the way, and cannot exist through the land of another, where a party can get to his property through his own land; it is not enough to create such way, that the way sought is more convenient than another already existing way.

6. *Same.*—Under such a case the complainant, who had no paper title thereto, and whose use thereof had been merely permissive, was not entitled to an injunction to restrain an obstruction in an alley as against a respondent having no paper title thereto, but whose predecessor had owned the fee, and whose deed had warranted and conveyed to him the use of the alley; complainant having no right of title against which defendant might trespass, and not being entitled to same on the ground of inconvenience or of depreciation in the value of her lot.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by Teresa F. Wing, and another against T. B. Hill to enjoin him from obstructing an alleyway abutting on her property. From a decree for complainant respondent appeals. Reversed and decree rendered dismissing the bill and dissolving the injunction.

HILL, HILL, WHITING & STERN, and W. F. THORINGTON, for appellant.

STEINER, CRUM & WEIL, for appellee.

MAYFIELD, J.—Appellees, as landlord and tenant, filed this bill against the appellant, to enjoin appellant from obstructing an alley. Appellee Mrs. Wing is the owner of a certain lot and store, fronting 50 feet on Dexter avenue, in the city of Montgomery, and running back 160 feet at right angles with Dexter avenue and parallel with Perry street, but 100 feet west of the latter. The alley in question is 10 feet wide, fronting on Perry street and running back to said appellee's lot, which fronts on Dexter avenue. The alley runs east and west, and parallels with Dexter avenue, but 110 feet south thereof. Appellant owns property on

both sides of the alley at the point of the obstruction. The case was finally decided in favor of appellees, complainants below, and the injunction was made perpetual. From the decree the respondent prosecutes this appeal.

The case was heard and submitted for final decree upon the bill, the answer, and a host of affidavits as to the nature, character, use, and ownership of the alley, together with the deeds of the parties to their respective lots, and the abstracts of title thereto, running back to the United States. The trial court found that the alley was not a public, but a private one, and that the complainants had acquired the right to use the alley by the rule of prescription or adverse user, and on this theory granted the relief prayed.

We are unable to agree with the trial court in all its findings, as well as in the conclusion reached. We do, however, agree with the trial court in many of its findings, notwithstanding we do not think the court reached the correct conclusion from the facts as found by the court. The trial court finds the following facts to exist, and as to which we concur: "The respondent Hill, owns the west twenty-five (25) feet of said lot (7) north and south of the alley, in connection with a Dexter avenue frontage, and according to his deed is entitled to the use of the alley.

"The alley itself, so far as the records show, has never been conveyed by its owners since about 1840, but the use of it has been recognized and conveyed by deed from successive owners of different parts of said lot No. seven (7) for about 75 years up to the present time.

"The complainant Wing has no record title to the alley, but claims the right to use the same by-prescription and adverse user."

The court also found the following facts, which in the main, we find to be correct, but which we think are materially qualified or explained by other facts which are practically without dispute: "The evidence in this case shows beyond serious controversy: That the alley has been in existence for about 75 years. That the paper title to the land comprising the alley is not in any of the parties to this suit, nor is it shown to be in any of the parties owning parts of lot No. seven (7) north or south of the alley. That complainant owns that part of lot No. six (6) contigious to the west end of said alley, and has owned the same since 1881. That complainant has used the alley since it was occupied by her and her husband as tenants in 1879, continuously and without interruption down to 1900, when it is alleged that one of the owners or tenants of a part of lot seven (7) caused a gate to be placed at the street entrance of the alley, and that she or her tenants used the alley notwithstanding the gate, which was taken down in six or seven years, up to the present time.

"That the sanitary drainage pipe from claimant's property is laid in the alley, and has been there for 15 to 18 years or more."

(1-4) We are unable to find in this record anything which shows that the use which the appellees or their predecessors in title have made of the alley was adverse to the title, claim, or use of the appellant or any one of his predecessors in title. The evidence shows without dispute that the use which the appellees and their predecessors in title made of the alley was permissive, either by express permit or by tacit consent. The only acts of ownership or control ever exercised over the alley were by the appellant or his

predecessor in title. While it is true, as found by the trial court, that it does not appear that the appellant has any paper title to the fee of the alley, it does appear that his predecessor in title did have the fee, that the use of the alley was expressly conveyed and warranted to him, and that there has never been any dedication of the alley to the public. If appellant owned the land on only one side of the alley, and complainant owned the land on the other, then a different question would be presented, and the rights of the parties would be different. The case of our own court nearest in point, which we have examined, is that of *Steele v. Sullivan*, 70 Ala. 589. In that case it was said that a dedication can properly be made only to the public use; that a private right of way cannot be created by dedication.

It is conceded in this case that there is no public use, and no dedication to such use. The complainant's right, if any she has, is conceded to be private, and not a mere part of a public right. There is no claim that the town or city ever recognized or treated it as a public alley; in fact, the evidence rebuts any such possible inference, by showing that the city treated it as a private way, and declined to repair or keep it, but required respondent, appellant here, to keep it in repair. In the case cited above the following statement of the law applicable to the case then on trial is more apt in this case, and is we think conclusive, in the present state of the evidence, as shown by this record. It is there said: "Where a right of way, or other easement, is claimed by private persons upon the principle of prescription, the user and enjoyment, as is universally held, must have been 'adverse to the owner of the estate from which the easement is claimed,

under a *claim of right, exclusive, continuous,* and *unin-terrupted,"* and with the actual or presumed knowl-edge of such owner.—2 Wait's Act & Def. pp. 685, 693; *Colvin v. Burnet,* 17 Wend. (N. Y.) 564; *Tracey v. Ath-erton,* 36 Vt. 514. If the user is merely permissive, as existing by the toleration of the owner, and in sub-ordination to or recognition of an implied license from him, the right will not mature into a title by prescrip-tion, but is revocable at pleasure.—*Bachelder v. Blake-field,* 8 Cush. Mass. 243; *Watkins v. Peck,* 13 N. H. 360 (40 Am. Dec. 156); *Polly v. McCall,* 37 Ala. 29. The application of these principles proves fatal to the complainant's claim in this case.—*Steele v. Sullivan,* 70 Ala. 589.

It is immaterial that the respondent in this case showed no paper title to the fee of the alleyway. That cannot help complainant; she does not connect her-self with that title. If there had been a dedication of this alley to the public, then the complainant could, and did, show that her rights and damages were dif-ferent in kind and degree from those of the public, and she could have maintained the bill; but, as before shown, there was no evidence tending to show such a dedication. The complainant must rely on her pri-vate rights, and not on those of the public. In the case of *Jesse French Co. v. Forbes et al.,* 129 Ala. 477, 478, 29 South. 683, 87 Am. St. Rep. 71, it is said: "If the user be not exclusive, and not inconsistent with the rights of the owner of the land to its use and enjoy-ment, the presumption is that such user is permissive, rather than adverse. An easement by prescription is created only by an adverse use of the privilege, with the knowledge of the person against whom it is claim-ed, or by use so open, notorious, visible, and uninter-

rupted that knowledge will be presumed, and exercised under a claim or right adverse to the owner and acquiesced in by him; and such adverse use must exist for a period equal at least to that prescribed by the statute of limitations for acquiring title to land by adverse possession.—Jones on Easements, § 164. No easement can be acquired when the use is by express or implied permission. Id. §§ 179, 180. The user or enjoyment of the right claimed, in order to become an easement by prescription, must have been adverse to the owner of the estate over which the easement is claimed, under a claim of right, exclusive, continuous, and uninterrupted, and with the knowledge and acquiescence of the same.—*Steele v. Sullivan*, 70 Ala. 589; 2 Wait's Act. & Def. 693. One circumstance always considered is whether the user is against the interest of the party suffering it, or injurious to him. There must be an invasion of the party's right, for, unless one loses something, the other gains nothing.—2 Wait's Act & Def. 694; *Rountree v. Brantley*, 34 Ala. 244, 552 (73 Am. Dec. 470) ; *Arnold v. Stevens*, 24 Pick. (Mass.) 106 (35 Am. Dec. 305. The presumption of a grant can never arise where all the circumstances are perfectly consistent with the nonexistence of a grant.— *Arnold v. Stevens, supra; Richard v. Williams,* 7 Wheat, 109 (5 L. Ed. 398)."

There is no evidence that the complainant's user of this alley, or the use of any of her predecessors in title, or that of their tenants, was adverse to the owner of the estate over which the easement is claimed. All the direct evidence—and *all* the evidence, except the unwarranted conclusions or opinions of some of the affiants—shows that the use was permissive, sometimes express, and sometimes implied.

[Hill v. Wing, et al.]

We have not overlooked that part of the evidence which shows that complainant's plumbing was laid under the ground along this alley. But it is not shown that this interfered with the use of the alley, except while it was being laid; and it is shown that it was not laid under any claim to the alley, or under any right to use it for this purpose even, and application for permission to make changes or repairs therein was made to the respondent, or to his predecessors in title, It is also shown that complainant at one ttme had a stable on the rear of her lot against which this alley abutted, and that she placed a gate on her own lot at the end of the alley, and that she used the alley in conveying her stock to and from the lot mentioned. This, however, was no control over the alley, the gate was on her own land, and she or others could have used the alley as well with the gate as without it. It really protected her property from the alley, or from the use thereof by others, which she had the right to have it do. There was no attempt, nor tendency, by the erection of this gate, to make the use of the alley exclusive or adverse, but only to make the use of complainant's lot exclusive or adverse.

Mr. Jones, in his work on Easements, in speaking of private ways (sections 204, 205), says: "A private way is 'the right of going over another man's ground.' When it is an easement, it is a right which one has, as appurtenant to his land, to go to and from such land over the land of another by a defined route. It may be a footway or a carriageway, or both, or a way for cattle only. It may be a way for all purposes, or it may be limited to a single purpose. A mere personal privilege to go over the land of another is not an easement, but a way in gross. Such a way can be

used only by the person to whom the privilege is given.
It is neither assignable nor inheritable. It attaches
to the person to whom it is granted, and it dies when
the person lies. A way which is appurtenant to land pas-
ses with the land when that is transferred, whether by
deed, by will, or by descent. It is appurtenant to every
part of the land to which it is attached, and the per-
son to whom a transfer of any portion of it is made
is entitled to use the way as appurtenant to such por-
tion."

"Parol evidence is not admissible to prove a grant
or reservation of a way which is not mentioned in the
deed. Such evidence is not admissible to alter or vary
the terms of the deed; it is not admissible to abate
or extend the terms of the deed. On the other hand
when the right of way is plainly conveyed or accepted
by the terms of the deed, it is not competent to prove
by parol that it was not the intention of the parties
that it should be conveyed or accepted. An entry upon
and a continued occupation of land, with the use of
a way as appurtenant thereto, under a warranty deed
which purports to convey the land and the right of
way, are some evidence of title to the land, and of a
right to use the way, against one who shows no right
to interfere with the use."

The facts of this case, in some respects, are very
similiar to the facts of the case of *McNeal v. Rebman
& Co.*, 168 Pa. 109, 31 Atl. 1002, and the decision in
that case is well stated in a headnote thereto, as fol-
lows: "An owner of land having divided it into lots,
conveyed several of the lots, with the right to the use
of an alley lying to the east of them. Subsequently
he conveyed the fee-simple title to the soil of the alley,
together with a lot lying to the west of the alley, re-

[Hill v. Wing, et al.]

citing the reservation of the right to use the alley granted to the owners of the lots lying on the westerly side of it. After this deed was executed he conveyed to plaintiff's predecessor in title a lot at the head of the alley and to the south of it, no part of which was on the westerly side of the alley. Defendants obtained title to all of the lots lying to the west of the alley and built a fence across its outlet. The court charged that under the deed plaintiff had no right in the alley, but left it to the jury to say whether, at the time the deed to plaintiff's predecessor in title was executed, the alley was notoriously used as an alleyway appurtenant to the ground now owned by plaintiff. *Held* not to be error, and that a verdict and judgment for defendants should be sustained."

It appears without dispute that the respondent owns the land on both sides of this alley where it is obstructed, and that he acquired the right to use it by both grants, though there was no express grant of the fee to the alley in either conveyance; that no person claims to own the fee and it would be useless to any one so long as the land is used as an alley. Without deciding whether the respondent has the fee to the alley (because a decision of this is not now necessary), we refer to the work of Jones on Easements (section 226, p. 188), where the following rule is stated, and authorities are cited: "Where one owning two parcels of land, with a passageway between them, sold one parcel bounding it upon the passageway, and afterwards sold the other parcel, bounding it on the passageway, 'together with my right in common with said passageway,' it was held that the first conveyance was a grant of the soil to the middle of the way, with a right of way in the opposite half of the passage, and that the

second conveyance was a grant of all the interest in the passageway remaining in the grantor after the first conveyance, namely, the fee of the adjoining half of the passage and a right of way over the other half. In other words, both grantees were upon terms of equality as to both the soil and the way."

(5, 6) Appellees can have no right to pass over this alley as a way of necessity. Her property does not front on Perry street, the only highway to which the alley leads. Her property fronts on Dexter avenue only. It appears beyond doubt that, when appellee's lot was laid out in the original mapping and platting, it was not contemplated that there should be any access thereto from Perry street. In none of the grants or conveyances of appellee's lot is there any mention of Perry street, or of an alleyway leading thereto or in that direction; and if there was, it would be of no avail, because the grantor would have had no title or authority to convey such a right of way.

It should be borne in mind that the alley in question has no relation or connection with appellee's lot, except by mere accident. This alley is located in the very center of lot 7, and thus divides it into two equal parts, a north half and a south half. The alley was never located on any other lot or part thereof. It is therefore self-evident that it was located for the benefit and use of these parts of lot 7. These north and south halves of the lot have been cut into smaller lots, by running lines across north and south, and the alley is evidently for the use and benefit of these western lots. Appellant now owns these extreme western lots on both sides of the alley. His deeds, therefore, convey the right to use the alley. Appellee has no such right, claim, or title, nor was the alley made for the use or

benefit of her lot. It was purely an accident that her lot was at the west end of this alley. She could and did use the alley, just as any one of the public could and did use it; but her use of it was in no sense adverse or under claim of right, but was purely a matter of grace on the part of those who did have the legal right to the use of the alley, one of whom was appellant. Appellant, therefore, in no sense can be said to be a trespasser, so far as appellee is concerned. If it be conceded, for the purpose of argument only, that appellant has no right to obstruct the alley as he proposes to do, it is equally certain that appellee has no right to prevent his so obstructing it, because the wrongful act does not destroy or impair any right which the appellee has. The mere fact that it will inconvenience appellee, or make her lot less valuable, by taking away a mere gratuity which this appellant and others have heretofore conferred on appellee and her lot, gives no right to injunctive relief against one of the donors of this gratuity. It is certain that the owners of the fee and of the easements to and over this entire alley, acting together, could destroy this alley completely, and the appellee would have no right to complain. It is equally clear that she has no right to invoke the aid of a court of equity, though the extraordinary remedy of injunction, to prevent one of the owners from doing what all could do, unless she asserts, or connects herself with, the right or title of some one or more of the owners of the fee or easement in the alley. We have not been able to find a case, and we do not think one can be found, where a mere stranger to an easement has been allowed in a court of equity to enjoin one, who had a legal right to the easement, from an abuse of the use of such easement. Here appellant has the

undoubted legal right to the use of this alley, by grants and deeds conveying the lots on both sides of it. Appellee has no right to its use, but a mere privilege to use it, by the grace of appellant and possibly others; and yet she seeks to enjoin the appellant from continuing to be gracious to her. Courts of equity compel parties to be just, but not to be generous or gracious.

In it insisted on the application for a rehearing that appellant is a mere trespasser, and that, even if appellee be a mere licensee, or invitee, she may enjoin the trespass. If she acquired any legal right which she could enforce in a court of law or equity, this might be true; but she has no such right. She has no possession or control which can be trespassed against. She has at most a mere privilege or grace to use, which privilege or grace is granted in part by appellant; and as to appellee surely he is not a trespasser, whatever he may be as to those who have the legal title to the fee, or to a joint use, with appellant, of the easement. Appellee has not now, and has never had, any easement as to this alleyway; she has never had any possession or control, or right to control, over the use thereof. So far as she, or her right, or property, is concerned, there can be no trespass by obstructing the alley. If she were in possession and control of the alley, though her possession and control were wrongful or unauthorized, a court of equity would protect her possession and control against a mere intruder or trespasser, who asserted no better right than appellee; but this is not the case with which we are dealing.

If appellee's property had been a part of a lot which fronted on Perry street, and her grantors had sold off her lot from that part which actually fronts on the street, as is the case with a part of appellant's lots, then she

might have some right to the alley or to some other part of lot 7 as a way of necessity; but no such facts are shown. Her lot was never a part of lot 7, nor of any other lot that fronted on Perry street. Her lot fronts on Dexter avenue, in another direction. Washburn on Easements, p. 258. A way of necessity is of strict necessity, and must not be created by the party claiming the way. If one can get to his property through his own land, he cannot claim a way of necessity through the land of another. The way sought as one of necessity must be indispensable. That the way sought is more convenient than another way already existing is no reason for obtaining it as a way of necessity.

The fact that complainant in this case has no easement in, to, or over the land or lot on which this alley exists, nor right thereto as a way of necessity, certainly prevents any relief from being awarded in this suit. It is unheard of that a plaintiff, who has no right, title, interest, claim, or demand in, to, or over a tract of land, can by injunction prevent one who has rights, titles, or interests in and to the land in question, from using such land as he desires, if the use does not constitute a public nuisance, or a private nuisance as to the rights of such plaintiff. The defendant's use may be wrongful, yet this gives no right of action to one who has no legal right in or to the premises so used.

We here repeat what we have said before: If this suit were by parties who had an easement in, to, or over the alley in question, jointly with the defendant or adversely to him, the case would be entirely different, and the decision might be different; but we fail to find any theory, after repeated readings of this record and of briefs of counsel, upon which these complainants are

entitled to any relief against this defendant which is sought or which could be awarded in this proceeding. They have no easement in, to, or over the alley itself, nor way of right over the land or lot on which the alley is located. The lot or land of the complainant is not so connected with or related to the lot or land on which the alley is located as to give the one any right of way to or over the other. The sole case made by the bill and the proof is that the act of the defendant complained of will result in great inconvenience and expense to plaintiff unless it is enjoined, and that a court of law cannot enjoin the act. This is to be regretted. but cannot be remedied in a court of law or equity, unless some legal right of the complainant is violated; and this we are unable to find, and certainly not the one alleged in the bill.

A number of cases have reached this court where the complainant sought to enjoin the obstruction of alleyways, hallways, etc., and the injunction was denied in several cases where the complainant's rights were much greater and more certain than those of complainants in this case. In some of these cases, the complainant did have an easement in the alley obstructed; yet the relief was denied. See *McBride v. Sayre,* 86 Ala. 458, 5 South. 791, 3 L. R. A. 861; *Wharton v. Hannon,* 101 Ala. 554, 14 South. 630, overruled on subsequent appeal 115 Ala. 518, 22 South. 287; *Steele v. Sullivan,* 70 Ala. 589. Mr. Joyce, in his recent work on Injunction, states as follows the principle we are applying: "The protection of easements and the prevention of nuisances often require the application of the same principles, and to entitle complainant to relief in either case, his right must be free from any substantial doubt." Joyce Inj. 1017.

It therefore follows that the decree appealed from must be reversed; and a decree will be here rendered, dismissing the bill and dissolving the injunction.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.