TOWN OF ROPER v. J. L. LEARY.

(Filed 23 February, 1916.)

1. **Injunction—Municipal Corporations—Cities and Towns—Sewerage—Obstruction—Nuisance.**

The remedy of a town against the owner of a lot obstructing its drainage ditch where it crosses a portion thereof may either be by indictment or a suit to enjoin its continued obstruction, without recourse to the former remedy.

2. **Pleadings—Allegations—Issues.**

All matters alleged on one side and denied on the other are not necessarily at issue in a legal sense, but only such as are necessary to the

determination of the controversy; and when the issues submitted by the trial judge are comprehensive and cover every phase of the controversy as set out in the pleadings, giving the objecting party opportunity to offer any pertinent evidence, they are sufficient, the form thereof being of little consequence.

**3. Municipal Corporations—Cities and Towns—Sewerage—Prescriptive Rights —Purchaser and Notice.**

Where a well settled community has been in existence for more than thirty years, using a ditch for drainage at a certain place, and then is incorporated into a town and thereafter a purchaser of a lot within the town limits, across which the ditch runs, has been given notice, at the time of his purchase, of the purposes for which the ditch was used by the town, and that it would remain open as it then existed: *Held*, those using the ditch acquired a prescriptive right to do so, of which the purchaser of the lot had full notice; and in a suit by the town to enjoin its obstruction the defendant's motion to nonsuit on the ground that it was the taking of his property without just compensation was properly overruled.

**4. Instructions, Improper—Appeal and Error.**

Objection to the charge in this case that it was unjudicial, prejudicial to the appellant's rights, and, in effect, coerced the jury to find adversely to him, is without merit, it appearing further that the judge may properly have charged the jury to find adversely to the appellant upon the evidence, if they should believe it.

APPEAL by defendant from *Rountree, J.,* at October Special Term, 1915, of WASHINGTON.

Civil action tried upon these issues:

1. Was the ditch described in complaint a drain ditch for a part of the locality embraced by the town of Roper and some of its streets at time said town was incorporated? Answer: "Yes."

2. Had said drainage ditch existed and was same used for said drainage for the past thirty years? Answer: "Yes."

3. Did the defendant fill up said ditch upon his own land and thereby pond back water upon said streets and obstruct the proper drainage of same? Answer: "Yes."

4. Does the town of Roper empty sewage into said ditch so as to create a nuisance? Answer: "No."

From the judgment rendered, the defendant appealed.

*William M. Bond, Jr., for plaintiff.*
*Ward & Grimes for defendant.*

BROWN, J. This action is brought by plaintiff to enjoin defendant from obstructing a ditch within the corporate limits of the town, a small part of which crosses a corner of defendant's land. It is contended by defendant that injunction is not the proper remedy and that

plaintiff should proceed by indictment. Both remedies may be available, and the remedy by injunction certainly is. To obstruct the drainage system of a city or town is a serious matter, and may amount to a public nuisance and be extremely detrimental in its consequences to the community. To abate it the community, acting through its officials, need not wait until an indictment can be tried, but may ask for injunctive relief to abate the nuisance at once.

It is contended that the court erred in refusing to submit certain issues tendered by defendant. The issues submitted and answered by the jury are very comprehensive and cover every phase of the controversy as set out in the pleadings, and under them either party had opportunity to offer any pertinent evidence. It is not every matter averred on one side and denied on the other that in a legal sense is an issue. The only issues proper to be submitted are those matters alleged on one side and denied on the other which are necessary to determine the controversy. *Kirk v. R. R.,* 97 N. C., 82.

The form of the issues is of little consequence, if the material facts are clearly presented by them.

It is contended that the motion to nonsuit should have been granted, upon the ground "that the drainage of the town across the private property of the defendant without compensation was in fact a condemnation of private property to the use of the town without compensation to the owner."

All the evidence in the record tends to prove that the plaintiff was incorporated in 1907, that the territory had been a well settled community for more than thirty years previous, and that during all that time this drainage ditch, emptying into a creek, had been in existence and used by the citizens of that community for drainage purposes. The defendant purchased his land at a public sale in 1910 from one L. G. Roper. It is in evidence, and not denied by defendant, that at the sale when defendant purchased his land public notice was given in the hearing of defendant and all present that this drainage ditch should remain open as it then existed.

It is manifest that upon this evidence the persons using the ditch for drainage purposes had acquired a prescriptive right to do so and that the defendant purchased with full notice and subject to such right. The motion to nonsuit was therefore properly overruled.

The remaining exceptions, 7, 8, and 9, are directed to the charge of the court. In these three exceptions the appellant insists "that the attitude of the judge to his position was unjudicial and largely prejudicial to a fair and impartial consideration of it by the jury," and further that the jurors "by the style, manner, directness, and force of the charge, were coerced into a finding" adverse to defendant. We do

not think the charge of the learned judge and his admonitions to the jury are fairly amenable to this criticism.

In the view we take of the case, upon the uncontradicted evidence, and in any view of it, his Honor might well have instructed the jury to find for the plaintiff upon the essential issues, 1, 2, and 3, if they believed it. There is nothing that we see to prevent defendant from covering or tiling the ditch where it passes through his land so as to make it less objectionable, provided he does not obstruct it.

No error.