(106 So. 400)

## MOODY et al. v. TOWN OF WETUMPKA.
### (5 Div. 927.)

(Supreme Court of Alabama. Dec. 3, 1925.)

**1. Easements ⬅36(3)—Facts held to show town acquired easement in ditch for drain and sewer purposes by prescription.**

That it had been generally regarded not only that town had the right, but that it was its duty, to keep ditch running through respondent's land clean and open for use as drain or sewer, and whenever ditch was choked or obstructed, request was made to clean it out, *held* to show that town had acquired an easement in said ditch by prescription.

**2. Easements ⬅8(4)—Fact that owner enjoys benefit of easement in common with public does not prevent holding from being adverse.**

Though exclusiveness is an element of adverse possession, when an easement is public in character, and is exercised for benefit of the public, mere fact that owner of land enjoys benefit of the easement in common with public does not keep holding from being adverse.

**3. Nuisance ⬅20—Drain, if nuisance, may be abated on proper proceedings, but not by stopping it up.**

If use by town of ditch running through respondent's land as a drain or sewer constitutes a nuisance, remedy is to have it abated on proper proceeding, and not to stop it up, and thus possibly create a greater nuisance.

Appeal from Circuit Court, Elmore County; George F. Smoot, Judge.

Bill in equity by the Town of Wetumpka against Alice D. Moody and William Moody to enjoin the obstruction of an open sewer or ditch running across the land of respondents. From a decree overruling demurrer to the bill, and denying motion to dissolve temporary injunction, respondents appeal. Affirmed.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, and Huddleston & Glover, of Wetumpka, for appellants.

Appellants' town lots are excepted from the general rule of subserviency to the natural flowage of surface or subsurface waters. Shanan v. Brown, 179 Ala. 425, 60 So. 891, 43 L. R. A. (N. S.) 792; Hall v. Rising, 141 Ala. 431, 37 So. 586; Levy v. Nash, 87 Ark. 41, 112 S. W. 173, 20 L. R. A. (N. S.) 155. Respondents had the right to protect themselves against the invasion of their land from the character of water and materials being carried through the same. When a party can maintain an action for a nuisance, he may enter and abate. Beard v. Murphy, 37 Vt. 99, 86 Am. Dec. 693; Crabtree v. Baker, 75 Ala. 91, 51 Am. Rep. 424; Wood on Nuisances, § 844. A public nuisance may be abated by an individual, who also suffers damages

thereby. There is no such thing as a prescriptive right to maintain a public nuisance. 29 Cyc. 1207; Mayor, etc., v. Land, 137 Ala. 538, 34 So. 613; Weiss v. Taylor, 144 Ala. 440, 39 So. 519; Pettigrew v. Evansville, 25 Wis. 223, 3 Am. Rep. 50.

Holley & Milner, of Wetumpka, for appellee.

A municipality can acquire by prescription an easement of drainage through a ditch across the land of another. Twenty years' unexplained use will create an easement by prescription. Sturges v. Meridian, 95 Miss. 35, 48 So. 620; Aldermen v. New Haven, 81 Conn. 137, 70 A. 626, 18 L. R. A. (N. S.) 74; Roper v. Leary, 171 N. C. 35, 87 S. E. 945; Lathrop v. Lytle, 84 Misc. Rep. 161, 145 N. Y. S. 906; Russel v. Woodbury, 53 Pa. Super. Ct. 618; 9 Second Decen. Dig. 874. The right to maintain a private nuisance may be acquired by prescription. Ala. Con. C. & I. Co. v. Turner, 145 Ala. 639, 39 So. 603, 117 Am. St. Rep. 61; Ann. Cas. 1912C, 182, note. Where a thing itself is not a nuisance, but only the manner in which it is used constitutes it such, same may not be abated as a whole, but a party injured by such use must resort to means enjoining or preventing the objectionable use. Wood on Nuisances, § 846; Finley v. Hershey, 41 Iowa, 389.

ANDERSON, C. J. The bill of complaint in this case does not proceed upon the theory that the respondents' land was subservient to the natural flow of water, but seeks to restrain said respondents from closing or obstructing a ditch running through their land which the city claims has been used by it as a drain or sewer for over 40 years, and that it has acquired an easement in said ditch by prescription. Therefore the case of Shanan v. Brown, 179 Ala. 425, 60 So. 891, 43 L. R. A. (N. S.) 792, and other cases cited to the effect that the rule as to drainage and the natural flow of water in a rural section does not apply to city and town lots have no bearing upon this case.

[1, 2] We think that the great weight, if not the undisputed evidence, shows that the town of Wetumpka used and maintained the ditch in question as a drain or sewer for that section of the town for over 40 years, and had, in fact, acquired an easement in said ditch by prescription before the respondents became the owners of the lot. The evidence also shows that its use was open and adverse as against the respondents and throughout their ownership. Town of Roper v. Leary, 171 N. C. 35, 87 S. E. 945; Alderman v. City of New Haven, 81 Conn. 137, 70 A. 626, 18 L. R. A. (N. S.) 74; Sturges v. City of Meridian, 95 Miss. 35, 48 So. 620. It is true that a mere permissive use will not give a right by prescription, but we think the evidence in this case shows that the city main-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tained this sewer without leave or consent of the respective owners of the lot in question, and that its acts were as open and notorious as the limited purpose of its use, consistent with other rights of the owners, could have been, as it repeatedly and throughout many years cleaned and kept the ditch open, and it seems to have been generally regarded not only that it had the right, but was its duty, to keep the ditch clean and open, as the town authorities were informed when it was choked or obstructed, and requested or directed to clean it out. We are also aware of the fact that exclusiveness is an element of adverse possession, but, when the easement is public in character, and is exercised for the benefit of the public, such as a road, street, or sewer, the mere fact that the owner of the land enjoys the benefit of the easement in common with the public does not keep the holding from being adverse. Pavey v. Vance, 56 Ohio St. 162, 46 N. E. 898.

The cases of Stewart v. White, 128 Ala. 202, 30 So. 526, 55 L. R. A. 211, and Hill v. Wing, 193 Ala. 312, 69 So. 445, are not in conflict with this holding, as we think the evidence shows such a use and claim by the town of the ditch in question, and is required by said cases. Moreover, the alley way dealt with in the case of Hill v. Wing, supra, was a private one, and this fact was stressed in the opinion.

[3] We are, of course, aware of the rule that the right to maintain a public nuisance cannot be acquired by prescription, but we do not think the bill shows that the use of the ditch amounted to a nuisance. On the other hand, while the respondents' evidence shows that the ditch was offensive at times during recent years, there is nothing to show that it was a nuisance throughout the period covering the prescription, and, if it has since gotten to be a nuisance, it is due to the manner it is used, and which could no doubt be remedied or abated upon proper proceeding, but not by the respondents in voluntarily stopping it up and possibly creating a greater nuisance. Wood on Nuisances, § 846; Finley v. Hershey, 41 Iowa, 389.

We do not mean to hold that the proof showed the existence of a nuisance when the bill was filed, as complainants' evidence tends to show that some of the residences are equipped with a sanitary system and drain into a septic tank and dry well, but we may concede this fact. Yet it is of rather recent existence, and is due to the method of maintaining the sewer, which could, no doubt, be better remedied or abated than by building a dam across the ditch.

The decree of the circuit court is affirmed. Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.