(130 So. 559)

**BIRMINGHAM TRUST & SAVINGS CO. v. MASON et al.**

8 Div. 167.

Supreme Court of Alabama.

Oct. 9, 1930.

Rehearing Denied Nov. 6, 1930.

Watts & White, of Huntsville, and Fred Wall, of Athens, for appellant.

J. G. Rankin, of Athens, for appellees.

FOSTER, J.

Complainant, as trustee appointed by the will of Dr. H. D. Westmoreland, deceased, filed the bill in equity in this case, praying for an injunction of an obstruction of what is sometimes called an alley. There are no maps shown by the record, though copies of two were introduced in evidence.

The bill alleges the ownership by the trust estate of lots 16, 17, and 19 of block 19, according to a map of Athens dated 1914. There was an earlier map of Athens, in which this property is shown as in lot No. 14. In describing and referring to the maps, it appears neither of them show as an alley the strip in question lying north of lots 16, 17, and 19. These lots are on the north side of the public square, except that No. 19 is at the northern end of another lot and is separated from the square by No. 18, but it is along Marion street on the east. There is no allegation that the strip in question was dedicated to the public by any method. No claim is made upon the theory that it is a public way.

Complainant claims in the first place the title and ownership of the disputed strip, and that defendants, as trespassers, have entered upon it and erected barriers. Defendant challenges the right to any relief on that claim, because, as owner, it has no equity to enjoin a trespass, and because the evidence does not show ownership.

■ This court is committed to the equitable right of injunction by the owner of land in possession, when the trespass consists in the destruction of the substance of a material portion of that which is its chief value, or trespass is of a continuous nature, so that actions at law would be inadequate. Tidwell v. Hitt Lbr. Co., 198 Ala. 236, 73 So. 486, L. R. A. 1917C, 232; Acker v. Green, 216 Ala. 445, 113 So. 411; Jones v. King (Ala. Sup.) 128 So. 378;[1] Irwin v. Shoemaker, 205 Ala. 13, 88 So. 129; Woodstock Operating Co. v. Quinn, 201 Ala. 681, 79 So. 253; Mobile County v. Knapp, 200 Ala. 114, 75 So. 881.

■ Also, if one is in possession of land claiming title, he may usually maintain an injunction to prevent another not in possession from entering upon it and destroying its substance or erecting a permanent structure upon it, or committing continuous trespasses, without conceding in him possession by reason of such acts of trespass so as to require complainant to sue for possession as a condition to relief. Acker v. Green, supra.

■ But the evidence does not show such nature of title and possession by complainant, though such is alleged in the bill. The strip, as a part of the original lot 14, was deeded to R. B. Mason in 1873, and again by some of the same grantors in 1885. R. B. Mason was the predecessor of defendants, who claim under him. He also acquired lots 16, 17, and 19, and deeded them to Dr. Theo

_____

[1] 221 Ala. 179.

Westmoreland, through whom complainant's testator claims. When the latter deed was made, the strip was vacant property, and, though then used for a pen for pigs by authority of Mason, it was, before and afterwards, generally used by the public as a passageway to the rear end of the stores built on lots 16 and 17 to haul freight and coal. No right to the strip for any purpose is expressed in any conveyance to Dr. Theo Westmoreland.

The description which we have of lots 16, 17, and 19, is that they extend on their northern line to this strip. It was apparently left there as a passageway, and used for that purpose. It was not used for any other purpose except by the occupant of the lot north of it for a pigpen for several years, by authority of R. B. Mason. For several years it was closed by the city because used as a place for drinking liquor. But Dr. Theo Westmoreland did not use it or have possession except as a way of ingress and egress for himself and his tenants occupying the stores on lots 16 and 17, and then such use was only as a member of the public. This was not in any sense shown to be adverse, and was consistent with the ownership and possession by respondents and their ancestor, and, in the absence of evidence to the contrary, is presumed to be permissive by them, as we will hereafter show.

So that our conclusion from the facts shown by the evidence is that Dr. Theo Westmoreland did not have such title and possession as would justify an injunction suit by him against these respondents. After he died, his widow undertook to convey the alley to some of his children, and they in turn conveyed it to complainant's testator. But their possession under such conveyances was of the same nature and not such as to advise respondents of an adverse claim. It results that complainant's testator did not acquire title in fee by adverse possession sufficient to sustain the bill in that aspect.

■ It has been too long settled by the decisions of this court to be now questioned that chancery will assume jurisdiction to enjoin the obstruction of a private easement. Malone v. Decatur Cotton Compress Co., 211 Ala. 522, 100 So. 807; Walker v. Clifford, 128 Ala. 67, 29 So. 588, 86 Am. St. Rep. 74; Jackson v. Snodgrass, 140 Ala. 365, 37 So. 246.

As we have stated, the bill does not allege a dedication of the land to the public, either by grant or prescription, and it does not seek relief for complainant as a member of the public, with the right of a public easement. But it claims in effect a private easement by prescription. To establish such a private easement, the prima facie sufficiency of the proof is clearly different from that necessary to establish a dedication to the public use.

In numerous recent decisions of this court, following Locklin v. Tucker, 208 Ala. 155, 93 So. 896, it was observed that "an uninterrupted user by the general public of a roadway over reclaimed lands, for a period of twenty years or more, and [when] there is nothing in the evidence to contradict the presumption of dedication by the owner, such a presumption (of dedication) will be indulged from the fact of such user alone." Newell v. Dempsey, 219 Ala. 634, 122 So. 881, 882; Still v. Lovelady, 218 Ala. 19, 117 So. 481; Moody v. Wetumpka, 214 Ala. 64, 106 So. 400; Stillwell v. McCollister, 214 Ala. 141, 107 So. 78; Gulf States Steel Co. v. Beveridge, 209 Ala. 473, 96 So. 587.

■■ The mere fact that the owner enjoys the use of the way along with the balance of the public does not keep the user by the public from being adverse. Moody v. Wetumpka, supra. But a different rule controls the effect of a user by one as the basis of the claim of a private easement. To create such an easement, there must be evidence that the use was adverse to the owner. Such nature of use will not be presumed, but the evidence must be such that its adverse nature is a proper inference. Hill v. Wing, 193 Ala. 312, 69 So. 445, 449; Steele v. Sullivan, 70 Ala. 589; Stewart v. White, 128 Ala. 202, 30 So. 526, 55 L. R. A. 211; Sharpe v. Marcus, 137 Ala. 147, 33 So. 821; Jesse French Co. v. Forbes, 129 Ala. 471, 29 So. 683, 87 Am. St. Rep. 71; Trump v. McDonnell, 120 Ala. 200, 24 So. 353. The presumption is that the user is permissive rather than adverse, unless it is shown otherwise.

■ The evidence does not show any nature of user inconsistent with or exclusive of the claim and use by the defendants and their predecessor, nor contrary to their will.

Our conclusion is therefore that the injunction should not be sustained upon the claim of a private easement by prescription; and no express grant is shown.

Appellant also claims a way of necessity by implication. Our courts have likewise stated and reviewed in a thorough manner the principles which control such a claim. We will again refer to them briefly.

■ Easements by implied grant of the nature involved in this case are usually limited to such as are open and visible, continuous, and reasonably necessary to the estate granted. Mere convenience is not equivalent to reasonable necessity. The right is an implication at best, and it is a question of fact in each particular case to determine whether the right is reasonably necessary to the enjoyment of the property conveyed. Walker v. Clifford, 128 Ala. 67, 29 So. 588, 86 Am. St. Rep. 74; Gaynor v. Bauer, 144 Ala. 448, 39 So. 749, 3 L. R. A. (N. S.) 1082; Brewer v.

Avinger, 208 Ala. 411, 94 So. 590; 19 C. J. 913 et seq.

A way of necessity by implied grant when the land sold is separated from the highway by the grantor's land is discussed in our recent case of Hamby v. Stepleton, 130 So. 76, where the principle is referred to that, "if one has an outlet over his own land, although less convenient he cannot claim a right of way over the premises of another." 9 R. C. L. 769. And it is said in the case of Hill v. Wing, supra: "If one can get to his property through his own land, he cannot claim a way of necessity through the land of another. . * * * That the way sought is more convenient than another way already existing is no reason for obtaining it as a way of necessity."

We think that the conclusion given effect in the circuit court is justified by the evidence in this case, to the effect that, at the time of the conveyance, the strip of land in question was inclosed by gates, and locked, and used as a pigpen, and its use for passage was upon specific permission given by Mr. Mason. It was so used for several years. All three lots abut a public street, from which access was available for reasonable use of the estate granted. The way in question, we find from the evidence, was not therefore at the time of the conveyance open and visible and continuously used as such and reasonably necessary to the enjoyment of the estate granted. We are therefore in agreement with the conclusion reached in the circuit court in this respect also.

We have discussed the contentions of counsel for appellant with the result that we do not find reversible error in the decree, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

