40 So.2d 873

### WEST et al. v. WEST.

### 8 Div. 418.

Supreme Court of Alabama.

May 26, 1949.

H. H. Conway, of Albertville, for appellants.

Scruggs & Grass, of Guntersville, for appellee.

LAWSON, Justice.

Homer West filed this bill seeking injunctive relief against respondents' obstruction of a certain road leading from his property across the lands of respondents to a public road. Complainant also sought the road established by the court.

Complainant's case was rested solely on his claim that he and his predecessors in title have been in the continuous adverse use of the road for a sufficient length of time to create a private easement by prescription.

Respondents filed a sworn answer denying the allegations of the bill as to complainant's claim of a private easement by prescription and moved to dissolve the temporary injunction which had been granted.

The cause was submitted on the bill, sworn answer of the respondents, motion to dissolve and on affidavits filed on behalf of complainant and respondents.

The appeal is by the respondents from that portion of the decree of the trial court which reads as follows:

"It is, therefore, ordered, adjudged, and decreed by the Court that the temporary writ granted on the 16th day of July, 1947, be and the same is hereby dissolved in so far as it prohibits respondents from interfering with complainant's use of the road outside the original twelve foot right of way in use for many years past, and as so modified said writ shall remain in full force and effect."

It is settled that equity courts of this state will assume jurisdiction to enjoin the obstruction of a private easement. Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559.

A private easement is not established merely by the use of the lands of an-

other for a period of twenty years or more. Such use must have been adverse to the owner of the premises over which the easement is claimed, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517; Hill v. Wing, 193 Ala. 312, 69 So. 445; Birmingham Trust & Savings Co. v. Mason, supra; Stewart et al. v. White et al., 128 Ala. 202, 30 So. 526, 55 L.R.A. 211; Belleview Cemetery Co. v. McEvers, 168 Ala. 535, 53 So. 272.

The rule established by the majority of American courts, though stated in varying forms, appears to be that, upon its appearing that a servitude has been enjoyed during the period required for prescription, openly, continuously and uninterruptedly, a presumption arises, in the absence of any other explanation, that the user was adverse and under a claim of right. The burden is then upon the owner of the soil to show that the use was permissive or otherwise that it was not adverse. See the annotation to the case of Zollinger v. Frank, 110 Utah 514, 175 P.2d 714, in 170 A.L.R. 770, 776, 779.

Such is the rule in this jurisdiction as to the uninterrupted user by the general public of a roadway over *reclaimed* lands, for a period of twenty years or more. Locklin v. Tucker, 208 Ala. 155, 93 So. 896 (wherein conflicts were recognized and some holdings overruled); Newell v. Dempsey, 219 Ala. 634, 122 So. 881; Scruggs v. Beason et al., 246 Ala. 405, 20 So.2d 774.

■ But that is not the rule in this state as to the establishment of a *private* easement. In Birmingham Trust & Savings Co. v. Mason, supra, it was said:

"As we have stated, the bill does not allege a dedication of the land to the public, either by grant or prescription, and it does not seek relief for complainant as a member of the public, with a right of a public easement. But it claims in effect a private easement by prescription. *To establish such a private easement, the prima facie sufficiency of the proof is clearly different from that necessary to establish a dedication to the public use.* In numerous recent decisions of this court, following Locklin v.

Tucker, 208 Ala. 155, 93 So. 896, it was observed that 'an uninterrupted user by the general public of a roadway over reclaimed lands, for a period of twenty years or more, and (when) there is nothing in the evidence to contradict the presumption of dedication by the owner, such a presumption (of dedication) will be indulged from the fact of such user alone.' [Cases cited.]

"The mere fact that the owner enjoys the use of the way along with the balance of the public does not keep the user by the public from being adverse. Moody v. Wetumpka, supra [214 Ala. 64, 106 So. 400]. *But a different rule controls the effect of a user by one as the basis of the claim of a private easement. To create such an easement, there must be evidence that the use was adverse to the owner. Such nature of use will not be presumed, but the evidence must be such that its adverse nature is a proper inference.* Hill v. Wing, 193 Ala. 312, 69 So. 445, 449; Steele v. Sullivan, 70 Ala. 589; Stewart v. White, 128 Ala. 202, 30 So. 526, 55 L.R.A. 211; Sharpe v. Marcus, 137 Ala. 147, 33 So. 821; Jesse French [Piano & Organ] Co. v. Forbes, 129 Ala. 471, 29 So. 683, 87 Am.St.Rep. 71; Trump v. McDonnell, 120 Ala. 200, 24 So. 353. *The presumption is that the user is permissive rather than adverse, unless it is shown otherwise.*" (Emphasis supplied.) 222 Ala. at page 40, 130 So. at page 560.

■ It may be conceded that a way about where the road in controversy now runs was in use by complainant and his predecessors in title, continuously for more than twenty years prior to time of the filing of this bill. But this concession marks the extremest limits of complainant's case. The evidence in the case fails to show to any satisfactory degree that complainant and those under whom he holds have ever, until a short time before the bill was filed, asserted or claimed the right to use said way across respondents' lands. On the other hand, there is evidence tending to show that such use was permissive.

As before indicated, the evidence of continuous user of the way of the respondents' lands does not raise a presumption of claim of right and of itself make a prima facie case of a user adverse to the owner.

Birmingham Trust & Savings Co. v. Mason, supra.

The evidence in this case does not show any nature of user adverse to the respondents and we hold, therefore, that the trial court erred in decreeing, in effect, that the complainant had a twelve-foot right of way over the lands of respondents, and erred in refusing to dissolve the temporary injunction theretofore issued.

The decree of the trial court is reversed and one is rendered here dissolving the temporary injunction.

Reversed and rendered.

BROWN, FOSTER, and STAKELY, JJ., concur.