# West *v*. Louisville & Nashville Railroad Company.

*Bill in Equity to abate the Obstruction of an Alley-Way.*

1. *Alley-way; easement appurtenant to property abutting thereon; benefits thereof.*—Where the contract establishing an easement in a private alley-way makes it appurtenant to property abutting on said alley-way, the benefits of such easement are limited to the uses of abutting property owners as such.

2. *Same; same; where owner can not maintain bill to abate obstructions.*—The owner of a lot abutting on a private alley-way can not maintain a bill against the owner of another lot abutting on said alley-way, for the purpose of compelling him to remove as a public nuisance an obstruction in said alley-way, in order that the alley may be opened for the use of the public in approaching a union passenger station which is located upon a lot which does not abut on said alley-way, but is wholly separate and disconnected therefrom.

3. *Equity pleading: when motion to dismiss bill for want of equity will be sustained.*—A motion to dismiss a bill for want of equity is not the equivalent of a demurrer and is not appropriate to reach defects and insufficiencies in pleadings curable by amendment; and, therefore, a motion to dismiss a bill for the want of equity should be sustained only when admitting the facts apparent on the face of the bill, whether well or illy pleaded, the complainant is without right to equitable relief.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the Louisville & Nashville Railroad Company against the appellant, D. P. West. The facts averred in the bill were as follows: The complainant is a railroad corporation engaged in the

business of a common carrier in the county of
Montgomery, State of Alabama, and is the owner of a
piece 'or parcel of land situated in Montgomery upon
which is located its freight depot, and a portion of which
is devoted to a private street. Said lot abuts on Gilmer
Alley, which alley runs from Tallapoosa street, paral-
lel with Commerce street to a private way used as a
means of approaching the union passenger station in the
city of Montgomery. Gilmer Alley was established by
the then owners of the property on either side of it by a
deed executed on December 26, 1888, which deed is made
an exhibit to the bill. The complainant's property which
was included in said deed lies on the opposite side of Gil-
mer Alley from the side occupied by the building known
as the Windsor Hotel. After the establishment of Gil-
mer Alley and after the recording of the deed establish-
ing it, the defendant, D. P. West, became the owner of
the building known as the Windsor Hotel, which is on
the opposite side of Gilmer Alley from the complainant's
property, and at the time West purchased, he took with
notice of the existence of said Gilmer Alley and of the
contract by which it was made and laid off. West has
for some years conducted the business of a hotel in said
Windsor Hotel building. The union passenger station
in the city of Montgomery, into which the complainant
and other railroads in the city of Montgomery operate
many trains daily, is near the end of Gilmer Alley, and
said alley, which is 40 feet wide, is a short and expedi-
tious route by which persons can go to and come from
said union passenger station, and also to the freight de-
pot owned and used by the complainant for the purpose
of receiving and delivering freight. The defendant West
had erected in said Gilmer Alley, immediately adjoining
and in the rear of said Windsor Hotel, an inclosure in
which he had placed and is now operating a
boiler and other machinery in said inclosure.
This inclosure or structure is about 60 feet long
and 8 feet wide, and greatly obstructs the free
passage over that part of Gilmer Alley on which
complainant's property abuts. Said obstruction causes
"injury and damage to complainant, different and separ-
ate from that suffered by the public and is a private nuis-

ance and the damage thereby sustained is not susceptible to accurate ascertainment in money, and is constantly recurring from day to day." Complainant has demanded of the defendant West that he move said obstruction from said alley, but West has refused and still refuses to do so.

It was then averred in the bill that the complainant is informed by counsel and believes, and upon such information and belief states, that said D. P. West has no right to maintain said structure in said alley, and complainant is entitled to have said Gilmer Alley kept open for the passage of said freight and persons free from any obstructions throughout its entire length and width.

The prayer of the bill is that a decree be rendered "commanding and requiring said D. P. West to remove and abate said structure hereinabove described from said Gilmer Alley, and forever enjoining and restraining him from erecting any structure in said Gilmer Alley, or from obstructing the same, without the consent of all holders and owners of the property abutting on said Gilmer Alley." There was also a prayer for general relief.

The defendant West demurred to the bill upon the following grounds: 1. The bill shows that the only obstruction caused by said structure in said alley is the obstruction of the alleged right of complainant to have said alley used for public purposes. 2. The bill fails to allege, as a predicate for relief, that said alleged obstruction interfered with complainant's rights as owner of land abutting on said alley. 3. The bill alleges no injury to complainant as an abutting proprietor on said alley. 4. The bill alleges, as the only ground of complaint, the obstruction of the public in the use of said alley, when it appears the public have no right to use the same. The defendant also moved to dismiss the bill for the want of equity.

On the submission of the cause upon the demurrer and the motion to dismiss for the want of equity, there was a decree rendered overruling both the demurrer and the motion to dismiss for the want of equity. From this decree the defendant appeals, and assigns the rendition thereof as error.

A. A. WILEY and J. M. CHILTON, for appellant.

CHARLES P. JONES, *contra*, cited *Ellis v. Academy*, 120 Pa. St. 608.

DOWDELL, J.—The facts averred in the bill show a joint easement in the complainant and respondent in a private alley-way. Yet, the theory of the bill and its purpose, according to its averments, when construed more strongly against the pleader, as the rule of pleading requires, is evidently one for the abatement of a public nuisance. The bill alleges that the complainant has an interest different from that of the general public. This is an averment essential in a bill by an individual for the abatement of a public nuisance, but it is altogether unnecessary in a bill to abate a private nuisance.

While the bill avers that the complainant is the owner of a lot which abuts on said alley, and upon which is located its freight depot, still, one of the main objects of the bill, if not its principal object, in removing the alleged obstruction in the private alley way, is to open up the same to afford free passage to persons going to and from the union passenger station, through which the complainant railroad company and other roads operate many trains daily. The allegations of the bill, we think, show that the real purpose of the complainant is to have the alley opened for the use of the public in approaching the union passenger station, which is located upon a lot not abutting on said alley, but is wholly separate and disconnected.

The easement in question is one appurtenant to property abutting on the alley, the benefits of which are limited to the uses of abutting property owners as such. "One having a right of way appurtenant to certain land cannot use it for the benefit of other land."—*Davenport v. Lamson.* 21 Pick. 72. "If a man have a private way to a close, he must not enlarge it to other purposes."—*Albert v. Thomas*, 73 Md. 189. "Private ways are confined in their use to the purposes for which they are granted, and cannot be extended by the grantees. When intended to give access only to particular premises, they cannot be

used thereby to reach other lands. Where one has a right of way to a three-acre close, he cannot use it to pass over such close from or to closes beyond, and is a trespasser if he enters upon the three-acre close for such purpose."—*Greene v. Canny,* 137 Mass. 64; *Redemptorists v. Wenig,* 79 Md. 348; *Hoosier Stone Co. v. Malott,* 130 Ind. 21. See also Goddard's Law of Easements, 321, 324.

We think the demurrer sufficiently raised the above questions, and the court erred in overruling the same.

The rule as to the office of a motion to dismiss a bill for want of equity was laid down in the case of *Blackburn v. Fitzgerald, et al.,* 130 Ala. 584, following the principle stated in *Seals v. Robinson & Co.,* 75 Ala. 368. If equity is apparent on the face of the bill from the facts stated, though such facts be illy pleaded and for that reason rendering the bill demurrable, on motion to dismiss for want of equity, the same will be considered as amended as to such defective pleading, leaving the respondent to his remedy by demurrer. In accordance with the above rule the motion to dismiss the bill for want of equity was properly overruled. See also *Gardner v. Knight,* 124 Ala. 273.

For the error in overruling the demurrer, the decree will be reversed, and one will be here rendered sustaining the demurrer.

Reversed and rendered.