# West v. Louisville & Nashville R. R. Co

*Bill to Abate Private Nuisance.*

(Decided April 16, 1908.  46 South. 469.)

*Easement; Private Alley; Use.*—Where complainant and respondent are abutting property owners and jointly hold an easement in a private alley, on a bill to remove an obstruction created by respondent, complainant's purpose, in regard to its licensees cannot affect its right to have the unobstructed use of the alley as a passage-way.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by the Louisville & Nashville Railroad Company against D. P. West. Decree for complainant, and defendant appeals. Affirmed.

A. A. WILEY, and J. M. CHILTON, for appellant. Counsel discuss assignments of error but without citation of authority.

[West v. Louisville & Nashville R. R. Co.]

GEORGE W. JONES, and S. LAMAR FIELDS, for appellee. Under all the authorities complainant was entitled to have the alley open throughout its entire length and breadth and defendant had no right to appropriate any part of it to his own use.—*Teasley v. Stanton,* 136 Ala. 641; *Olinla v. Lathrop,* 21 Pick. 292; *Smith v. Lock,* 18 Mich. 56; *Tufts v. Charleston,* 2 Gray, 272; 16 Gray, 372; 127 Mass. 258.

DOWDELL, J.—When this case was here on former appeal (*West v. L. & N. R. R. Co.,* 137 Ala. 568, 34 South. 852), it was then considered on the demurrer to the bill and motion to dismiss. Since the remandment of the cause, the bill has been amended to meet the grounds of demurrer that were held by this court to be good. As amended the bill is unobjectionable to the demurrer. The cause proceeded to final hearing on the pleadings and proof, and from the final decree rendered the present appeal is prosecuted.

The bill as amended is one by an abutting property owner to remove an obstruction created by the defendant in a private alleyway, in which said alleyway the complainant, jointly with the defendant, has an easement; or, in other words, it is a bill to abate and remove a private nuisance. We think the evidence fully sustains the bill, and we concur in the holding of the chancellor that the complainant's purposes in regard to its licensees cannot stand in the way of the complainant's right to the unobstructed use as a passageway to every foot of the alley. The decree of the court below will be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.