124 So.2d 93

Loui F. LOVEMAN et al.

v.

Mary Martin LAY et al.

7 Div. 501.

Supreme Court of Alabama.

Nov. 3, 1960.

386

Inzer, Martin, Suttle & Inzer, Gadsden, for appellants.

Lusk, Swann & Burns, Gadsden, for appellees.

STAKELY, Justice.

This is an appeal from a final decree in the equity court by Loui F. Loveman and others (appellants) against Mary Martin Lay and others (appellees). The suit concerns the rights of the parties in a private alleyway ten feet in width and fifty feet in depth extending from the west side of 4th Street in the City of Gadsden, Alabama, in a westerly direction along the north side of Lot 166 of the Original Survey of Gadsden. A map which was offered in evidence by the complainants as Exhibit A will be set out in the report of the case. Examination of this map will help in an understanding of the issues involved in this suit.

In Paragraph One of the bill of complaint it is alleged that W. J. Whisenant was the owner of a lot or tract of land fronting fifty feet on South Fourth Street and extending to a depth of seventy-five feet in a westerly direction, this property being further described as the East 75 feet of the North 50 feet of Lot 166 of the Original Survey of Gadsden.

The allegations further show that on July 26, 1883, Whisenant divided this tract in three parcels and conveyed it by separate deeds to different persons on the same

date, each parcel being rectangular in shape and extending fifty feet north and south and 25 feet east and west. The allegations further show that the first parcel contiguous to South Fourth Street was sold to H. Herzberg. The second parcel was sold to M. Herzberg. The third parcel was sold to Edmondson and Ewing. The appellees have succeeded to the title to the Edmondson and Ewing tract and the appellants have succeeded to the title to the M. Herzberg and H. Herzberg tracts.

In the deed to H. Herzberg, being the parcel fronting on South Fourth Street, a fifteen foot right of way is reserved for the benefit of M. Herzberg and Edmondson and Ewing, to whom the other two parcels were conveyed, this right of way to be over the southern part of the H. Herzberg tract. In the deed to M. Herzberg a fifteen foot right of way is reserved for the benefit of H. Herzberg and Edmondson and Ewing, said right of way to be over the southern part of the M. Herzberg tract. In the deed to Edmondson and Ewing a fifteen foot right of way is reserved for the benefit of M. Herzberg and H. Herzberg over the southern part of the Edmondson and Ewing tract, but to become operative and effective only in the event the alley should be extended beyond the Edmondson and Ewing tract in a westerly direction. The allegations further show that the alley was never opened up or extended beyond the Edmondson and Ewing tract in a westerly direction.

It is further alleged that by mutual agreement of the property owners and giving recognition to the rights of the parties expressed in the three deeds, a private alley ten feet in width was opened along and over the north part of the H. Herzberg and M. Herzberg tracts, extending from the west side of South Fourth Street for a distance of fifty feet in a westerly direction. This private alley affords a means of ingress and egress to the Edmondson and Ewing tract and also affords access to the north side of the building construct-

ed on the H. Herzberg and M. Herzberg tracts.

The bill prays for an adjudication of the rights of the complainants (appellees) in this alley and that the alley as now opened and used be ratified and confirmed as the true location of the alley contemplated in the deeds referred to as aforesaid and that the respondents (appellants) be enjoined from parking automobiles in the alley.

The demurrer to the bill of complaint was overruled. The respondents then filed their answer and cross bill admitting that the complainants had succeeded to the title to the Edmondson and Ewing tract and that the respondents had succeeded to the title to the H. Herzberg and M. Herzberg tracts. The answer also admits that the alley was never located along the south side of the three parcels of land conveyed by Whisenant to H. Herzberg and M. Herzberg and Edmondson and Ewing, but in giving recognition to the deeds, a private alley was opened up along the north side of the H. Herzberg and M. Herzberg tracts, said alley being only ten feet in width and fifty feet in depth.

The answer further acknowledged that the complainants as the owners of the Edmondson and Ewing tract, were entitled to use said ten foot alley as a means of ingress to and egress from the Edmondson and Ewing tract and that the respondents had always recognized that right.

The respondents deny that they have wrongfully interfered with the rights of ingress and egress of complainants in said alley and allege that they have always cooperated in the removal of any vehicles parked in the alley when requested to do so.

The respondents further charge in their answer which they ask to be taken as a cross bill, that the complainants have used the alley for improper and illegal purposes in that they have used the alley as a means of ingress and egress not only to the Edmondson and Ewing tract, but also as a means of ingress and egress to other lots, buildings and tracts of land owned by the

complainants located west of the Edmondson and Ewing tract.

The respondents pray in their cross bill that the location and description of the alley as now opened be ascertained and determined, that the right, title and interest of the complainants and respondents in said alley be defined, declared and adjudicated and that the complainants be enjoined from using said alley as a means of ingress to or egress from any lots, buildings or tracts of land owned by the complainants other than the tract or parcel of land described in the deed from Whisenant to Edmondson and Ewing.

The complainants filed an answer to the cross bill admitting the alley is ten feet in width instead of fifteen feet and further answered the cross bill by stating that the respondents have not alleged any facts which would authorize any relief by a cross bill.

The evidence was taken before a commissioner. Upon consideration the court entered its final decree, adjudging that the complainants have an easement in said ten foot alley as a means of ingress to and egress from the Edmondson and Ewing tract. The court further decreed that the respondents were not entitled to park automobiles in the alley or to obstruct or interfere with the free and unobstructed use of the alley by the complainants or tenants of complainants and directed the issuance of an injunction in conformity with the decree. The relief sought in the respondents' cross bill was denied and the cross bill dismissed.

The respondents filed a motion for rehearing which was overruled and denied. To this ruling the respondents excepted. This appeal followed.

■ I. The cause was submitted on the depositions of witnesses. Accordingly there is no presumption in favor of the finding of fact by the trial court. It is our duty to sit in judgment on the evidence. Martin v. Culpepper, 253 Ala. 412, 44 So.2d 568. We have given careful consideration to the evidence. It appears to be undisputed that W. J. Whisenant owned the entire tract of land fifty feet in width and seventy-five feet in depth abutting on the west side of Fourth Street in the City of Gadsden, this tract being further described as the East 75 feet of the North 50 feet of Lot 166 of the Original survey of Gadsden. By three separate deeds executed on July 26, 1883, he conveyed portions of this tract or parcel of land to three different persons, Herman Herzberg, Mary Herzberg and the firm of Edmondson and Ewing. The deeds contemplated a right of way fifteen feet in width across the southern portion of the tracts conveyed by the respective deeds, but apparently by mutual consent of the property owners, the location of the alley was changed to the north portion of the tracts and the width of the alley reduced from fifteen feet to ten feet. This change in the location of the alley was made more than fifty years ago. The rights of the complainants (appellees) and the rights of the respondents (appellants) are predicated upon the deeds above referred to, the evidence showing that the respondents (appellants) have succeeded to the title to the tract described in the deeds to H. Herzberg and M. Herzberg and the complainants (appellees) have succeeded to the title of the tract described in the deed to Edmondson and Ewing. In the deed to Edmundson and Ewing, which is the inside lot, the words conveying an easement or right of way across the other two lots now owned by the respondents (appellants) are as follows:

> "We further bargain, sell and convey to the parties of the second part the right of way of an alley to be fifteen feet in width from the southern end of said part of Lot 166, to Fourth Street over the part of said Lot 166 this day conveyed to Mary Herzberg and H. Herzberg, said right of way being reserved in their deeds to said parcels so conveyed and a right of way of fifteen feet over the southern end of the parcel of said Lot 166 by this deed conveyed is expressly reserved in favor of the said Mary Herzberg &

H. Herzberg and the said right of way last named is hereby conveyed to said. Mary Herzberg and H. Herzberg but said reservation and conveyance of said last named right of way is to be operative and have effect only in the event that said alley above described should be extended west beyond said part of Lot 166 convey*ance* by this deed to the parties of the second part." (Italics supplied.)

The alley was never opened up or extended west of the tract conveyed by said deed to Edmondson and Ewing. In the deed from Whisenant to Herman Herzberg a right of way is reserved across said tract " * * * for the benefit of Mary Herzberg and Edmondson and Ewing, to whom portions of Lot 166 are this day conveyed." In the deed to Mary Herzberg a right of way is reserved across said tract, " * * * in favor of H. Herzberg and Edmondson and Ewing, to whom portions of Lot 166 were this day conveyed."

We think it is clear from the evidence that the alley is a private alley and that the respondents have always recognized that the owners of the Edmondson and Ewing Tract were entitled to use the alley as a means of ingress and egress to that tract. In fact we find no evidence to the contrary. But the complainants (appellees) vigorously contend that the respondents (appellants) have interfered with the rights of ingress and egress by parking vehicles in the ten foot alley.

It is the contention of the appellants that they are the owners of the fee in the alley subject to the easement in favor of the appellees and that they have the legal right to make any use of the alley which does not unreasonably interfere with the rights of the complainants to use the alley as a means of ingress and egress to and from the Edmondson and Ewing tract.

■ The evidence shows that automobiles of the respondents were parked unattended in the alley from around 8:30 A.M. to 4:30 to 5:00 P.M. and that respondents have declared their purpose to continue to park cars in the alley. While the respondents would always move their cars when requested, it was necessary to find the owner of the car and the removal would take from five to fifteen minutes each time. Undoubtedly injunction lies to prevent the continuance of the obstruction of a right of way annexed by grant to a private estate. Alabama Power Co. v. Ray, 260 Ala. 506, 71 So.2d 91; Potts v. Water Works Board, 267 Ala. 46, 100 So.2d 16.

■ Further the owner of property over which another has a private alley for ingress and egress may not unreasonably interfere with that person's use of the easement by parking vehicles on the right of way. Mad River Securities v. Felman, 159 Ohio St. 512, 112 N.E.2d 646, 37 A.L.R.2d 940 and annotation p. 944; 17A Amer.Jur., § 124, p. 735.

■ Upon consideration of the evidence we have reached the conclusion that the parking of their cars by the respondents in the ten foot alley was not a reasonable use of the alley and the court acted correctly in enjoining the parking by the respondents of their cars in the alley.

II. We say again that the alley is not a public alley, that it has never been dedicated to the public use. It is a private alley and a sign is posted at the entrance of the alley on Fourth Street that the alley is a private alley. Furthermore, there is no evidence in the record to show that the rights to the alley have been acquired by the owners of the Edmondson Ewing tract by prescription or adverse user.

■ In Hill v. Wing, 193 Ala. 312, 69 So. 445, this court said that where a right of way or other easement is claimed by private persons upon the principle of prescription, the user and enjoyment, as is universally held, must have been adverse to the owner of the estate from which the easement is claimed under a claim of right, exclusive, continuous and uninterrupted and with the actual or presumed knowledge of the owner.

In Roberts v. Monroe, 261 Ala. 569, 75 So.2d 492, 499, it was said:

"In West v. West, supra (252 Ala. 296, 40 So.2d 873), it was said that a private easement is not established merely by use of the lands of another for twenty years, or more, but such use must have been adverse to the owner of the premises over which the easement is claimed under claim of right, exclusive, continuous and uninterrupted, with actual or presumptive knowledge of the owner."

The rights, therefore, of the owners of the Edmondson Ewing tract must be predicated on the provisions of the deed from Whisenant to Edmondson and Ewing, to which we have heretofore referred. As stated the alley was never opened up or extended west of the tract conveyed by the deed from Whisenant to Edmondson and Ewing.

The proof shows that the building lying immediately west of the Edmondson Ewing tract was occupied by the Ewing Hardware Company for many years and later by the Gadsden Hardware Company and that the only structure on the Edmondson Ewing tract was a wooden structure on the south side which was used for storing lime, cement and some building materials. Part of the tract was used to stack wire fencing, barbed wire and that type of materials. There were two manholes on the Edmondson Ewing tract through which coal was unloaded for use in the Gadsden Hardware Company building.

Carl Lay, witness for the complainants, testified that he had been rental agent for the persons owning the Edmondson Ewing tract and the Gasden Hardware building since 1933 and that both tracts were owned by the same individuals. He further testified that he had been familiar with the alley for more than fifty years and that the alley had been used as a means of ingress and egress to the Edmondson Ewing tract and to the Gadsden Hardware Company building, which has a doorway open on the Edmondson Ewing Tract. He also testified that some of the respondents parking in the alley had received complaints from employees of the Gadsden Times, which had leased a portion of the Gadsden Hardware building for about ten years from 1948 to 1958. A portion of the building has also been leased to the Darling Shop. Tenants of the Gadsden Hardware building, including the Gadsden Times and the Darling Shop have been using the alley for the purpose of delivering freight and for other purposes in servicing the building.

The testimony further shows that the Gadsden Hardware building adjoins the Edmondson and Ewing tract on the west and that this building runs entirely through the block. The testimony shows that the Gadsden Hardware Company property and the Edmondson Ewing tract are owned by the same individuals, namely, the complainants (appellees) and their predecessors in title.

The testimony further shows that the Edmondson and Ewing tract was not actually rented to the Gadsden Times when they leased a portion of the Gadsden Hardware building but that this area was used by them.

The witness Everett Lay testified that the alley had been used by the Lovemans and the Herzbergs and by tenants of property abutting on Broad Street and that it had never been used exclusively by the complainants (appellees).

If the grant is for the benefit of some particular land it can not be used to accommodate some other tract of land adjoining or lying beyond. " 'One having a right of way appurtenant to certain land can not use it for the benefit of other land.' * * * 'If a man have a private way to a close, he must not enlarge it to other purposes.' * * * 'Private ways are confined in their use to the purposes for which they are granted, and cannot be extended by the grantees. When intended to give access only to particular premises, they cannot be used thereby to reach other lands.' " West

v. Louisville & Nashville Railroad Co., 137 Ala. 568, 34 So. 852, 853; 28 C.J.S. Easements § 92, p. 772; 17A Amer.Jur., § 115, p. 723.

Under the pleadings and evidence in this case it was the duty of the lower court to declare, define and adjudicate the rights of the parties in the alley in question, to adjudge that it was a private alley, appurtenant only to the Edmondson and Ewing tract and to enjoin the complainants from perverting the alley to a use not authorized by the grant and not within the contemplation of the parties. The evidence shows that the complainants and their tenants have been using the private alley to service their business including the heating thereof being conducted in the Gadsden Hardware Company building, which is the property to the west of the Edmondson Ewing tract. The furnace room which heats the buildings to the west of the Edmondson Ewing tract is located under the Edmondson Ewing tract. The owners of the Edmondson Ewing tract have been using the alley to haul coal to the Edmondson Ewing tract and to haul ashes from the furnace room and other refuse resulting from the buildings west of the Edmondson Ewing tract out of the Edmondson Ewing tract.

While it is true that the Gadsden Times has not occupied the building lately, injunction can be predicated not only on the invasion of the rights of others in the past but also where there is room to believe that these rights may be invaded in the future. It is true that while an injunction is prospective in operation, we consider the evidence as showing that the appellants are entitled to a decree preventing future injury.

In Scofield v. Perry Creamery Co., Inc., 234 Ala. 560, 176 So. 195, this court said: .

"In determining whether an injunction should issue, past course of conduct with continuance of like conditions, offering same inducements and opportunities for such wrongful invasion of rights of complainant, may be considered by the court."

We consider that the evidence shows that the complainants have perverted the easement by using the right of ingress and egress from and to the Edmondson Ewing tract to their property or to the tenants thereof lying west of the Edmondson Ewing tract.

In cases seeking injunctive relief this court recognizes the comparative injury doctrine and that the court has discretionary authority. Pritchett v. Wade, 261 Ala. 156, 73 So.2d 533. We are remanding the cause to the lower court so that the court can determine the feasibility of using gas or other fuel to heat the buildings of the appellees to the west of the Edmondson Ewing tract rather than coal or of placing their heating plant in their buildings to the west of the Edmondson Ewing tract. The court in any event should allow the owners of the Edmondson Ewing tract a reasonable time to adjust their heating plant to their buildings west of the Edmondson Ewing tract. McCullough v. Broad Exchange Co., 101 App.Div. 566, 92 N.Y.S. 533, affirmed 184 N.Y. 592, 77 N.E. 1191. In any event the hauling of coal over the alley way for the purpose of heating the building or buildings west of the Edmondson Ewing tract should be enjoined and the hauling of ashes from the furnace room and refuse from the building or buildings west of the Edmondson Ewing tract should also be enjoined. The right of ingress to and egress from the Edmondson Ewing tract should be allowed the appellees either for the purpose of storing of goods, appliances, hardware or materials for the use or sale thereof in the building or buildings of the appellees west of the Edmondson Ewing tract.

The result is we conclude that the decree of the lower court should be affirmed in part and in part reversed, rendered and remanded so that the court may modify its decree in accordance with the views ex-

**394**

pressed herein. The costs of this appeal will be divided between the parties.

Affirmed in part and in part reversed, rendered and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.