310 So.2d 883

**C. R. EUBANKS et al.**

**v.**

**William A. RICHARDS et al.**

**SC 835.**

Supreme Court of Alabama.

April 3, 1975.

Jimmy S. Calton, Eufaula, for appellees.

Billy J. Sheffield, Dothan, for appellants.

EMBRY, Justice.[1]

This is an appeal from a final judgment for plaintiffs below, William and Alice Richards, against defendants below, C. R. and Claudie Eubanks. The parties to the action are adjoining property owners. The complaint sought relief in the form of a declaration vesting plaintiffs with the right to a perpetual easement for roadway across lands of defendants; the quieting of title to that right and enjoining defendants from obstructing the roadway along that easement. The right to relief was based upon the principle of law stated in the representative cases of Loveman v. Lay, 271 Ala. 385, 124 So.2d 93, and Hill v. Wing, 193 Ala. 312, 69 So. 445:

> " * * * [W]here a right of way or other easement is claimed by private persons upon the principle of prescription, the user and enjoyment * * * must have been adverse to the owner of the estate from which the easement is claimed under a claim of right, exclusive, continuous and uninterrupted and with the actual or presumed knowledge of the owner.", Loveman, supra,

for the period of time required by law. The defense, to the claim of plaintiffs, was that use of the roadway over lands of defendants was by permission of defendants. The trial court, after hearing testimony from more than twenty witnesses as to the existence and ownership of the easement, pro and con; after viewing documentary exhibits; after visiting and viewing the property and roadway over the disputed easement, made various findings:

> " * * * The Plaintiffs and their predecessors in title, their tenants, neighbors, and friends have continuously used said road since 1899 without asking permission from any person.

> " * * * That Defendants have known the Plaintiffs for many years and knew that they were using said road but nevertheless, never told the Plaintiffs, or for that fact, never told anybody, that they had to have permission to use said road or that they were claiming that the use of said road was permissive; that Plaintiffs and members of their family have used said road, which is within sight of Defendants' residence, openly, notoriously, hostilely, adversely, and under claim of right since 1899 * * * that over the years Plaintiffs have had bauxite men and timber men use said road to carry in large equipment and to haul out timber from Plaintiffs' land without objection from Defendants * * * and that Plaintiffs have trimmed over-hanging tree limbs and branches and have made repairs and improvements to the road bed."

Upon these findings the court rendered judgment for plaintiffs. That judgment decreed that plaintiffs were owners of a perpetual easement for roadway across lands of the defendants (The easement was given an accurate description otherwise than by metes and bounds). The judgment also enjoined defendants from obstructing or interfering in any way with plaintiffs' easement.

■ Our approach to this case is governed by ARCP 52(a):

> " * * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * * "

1. Briefs were carefully considered, as were taped oral arguments, by the author of this opinion.

**32**

The findings not shown to be clearly erroneous they will not be disturbed. ARCP 52(a). ·

 The conclusions of the trial judge, manifest in his judgment, were based on findings determined from evidence which was conflicting. The judgment is fairly supported by credible evidence. Those conclusions were not clearly erroneous or manifestly unjust. The trial judge committed no error in the trial of this action which approaches that requiring reversal. Therefore the judgment is due to be affirmed.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.