MADDOX, Justice.
This appeal involves the question of whether a portion of the “Old Cahaba Road” in Dallas County was a “public road,” a “public easement” or a “private easement.”
Plaintiff-appellee, Margaret Anne Alison Gamble, filed her complaint against defendants, Harvey R. Smith, Vivian C. Smith, Jessie Lee Money, and Connie Money, in which she alleged that the defendants claimed a right to go over her lands to get to a public highway, and to use an old road on her land known as the “Old Cahaba Road.” Mrs. Gamble claimed that if the Old Cahaba Road was ever a public road, it had been abandoned. She petitioned for a decree that she was the owner of the lands described in her complaint and that defendants had no title therein.
Defendants filed a counterclaim alleging that the Old Cahaba Road is a public road; that through the open use of the road by defendants and the general public for over twenty years a public easement has been established and created in the road; that defendants had openly used the road for over twenty years with the knowledge of Mrs. Gamble; that it was the only practical means of ingress and egress to their lands and that by reason of such use they had acquired a private easement in the roadway. In their counterclaim the defendants sought to have the court enter a judgment finding that the road known as the Old Cahaba Road is a public road, or in the alternative, that they have a permanent easement in the roadway. The defendants also sought to have the court enjoin Mrs. Gamble from interfering with their use of the road.
The case was heard without a jury. The trial court entered a final judgment in favor of Mrs. Gamble. The defendants appealed, contending that the court erred in finding (1) that the Old Cahaba Road has been abandoned as a public road; (2) that there has been no public easement acquired in the use of the road; and (3) that there has been no private easement acquired by the defendants. Furthermore, the defendants submit that the trial court erred in its conclusions of law and the application of these legal conclusions to the evidence in this case.
The issues presented for review are as follows:
1. Whether the Old Cahaba Road is a public road.
2. Whether the general public has acquired a public easement in the Old Cahaba Road.
3. Whether the defendants have acquired a private easement in the Old Caha-ba Road.
I
Defendants contend that the Old Ca-haba Road is and was a public road. In *751 support of their position defendants rely on an ancient surveyor’s map (1895) that was introduced by Mrs. Gamble. They further contend that the map has been on record in the Probate Court of Dallas County since September 19,1966. Conversely, Mrs. Gamble submits that there is no legal evidence that the road in question was ever used by anyone, or that it became a public road in any other way. Gamble further submits that a legend appearing on the 1895 map indicating that the dotted lines thereon show a public road is insufficient evidence for the court to conclude that a public road had then, in fact, been established. Gamble cites Benson v. Pickens County, 260 Ala. 436, 70 So.2d 647 (1954) for the proposition that the legend of a surveyor on an unofficial map which indicates only that certain dotted lines show a public road cannot, standing alone, serve as a basis for the court to conclude that a public road has been established.
Gamble contends that in the instant case, there can be no presumption of dedication. Although admitting that a public road may be dedicated by user, Gamble maintains that this presumption has been qualified and limited in its application to well defined highways running over improved or reclaimed lands and is not applicable to wooded or unimproved lands. Locklin v. Tucker, 208 Ala. 155, 93 So. 896 (1922). Gamble asserts that the evidence discloses that the roadway ran through wooded and unimproved lands. Moreover, Gamble contends that she is aided by a presumption that the user is merely permissive and under the law of Alabama involving dedication by use, the public user must be under a claim of right and not merely under the permission of the owner. In reply, the defendants point out that both Mrs. Gamble and the defendants used the lands for cattle raising and general farming purposes and that the lands are not unimproved or wooded lands. Defendants contend that there is no evidence which shows that these lands have not been in general use by the various owners including Mrs. Gamble’s predecessors in title. We find no error to reverse in this aspect of the appeal.
II
Defendants submit that the Old Cahaba Road has never been abandoned as a public road. Defendants contend that the burden of proof was upon Mrs. Gamble and that she has failed to prove an abandonment of the road by clear and satisfactory evidence as required by law in Alabama. Purvis v. Busey, 260 Ala. 373, 71 So.2d 18 (1954). Conversely, Gamble contends that if the road was ever established as a public road, it has now lost its character as such by non-user or abandonment by the public for the prescriptive period of twenty years or more. In support of her position that the Old Cahaba Road was not a public road, Gamble presented the testimony of her uncle, Dr. James F. Alison, Sr. Defendants maintain that the several witnesses who testified on behalf of the defendants overcame and refuted the recollections of Dr. Alison. Defendants contend that each of their witnesses testified as to their continual travels upon the Old Cahaba Road.
Although defendants concede that a portion of the Old Cahaba Road is probably closed to the public, they contend that the record discloses that the defendants and members of the general public used the remainder, of the roadway. Furthermore, defendants submit that the Old Cahaba Road was never vacated or closed under the provisions of Title 56, Sections 26-29, and 32, Code of Alabama.
In support of their position, defendants presented testimony of certain Dallas county employees wherein it was shown that county road machines and crews scraped and repaired the Old Cahaba Road and maintained the bridges thereon. Defendants contend that such maintenance on the part of the county was proof that the roadway was officially recognized as a public road. Gamble submits, however, that each county employee who testified to such work by the county admitted that it had long been the custom that the county performed maintenance work on private roads of landowners in the rural areas. Gamble points out that this practice of maintaining pri *752 vate roads by the county was so extensive that the County Commissioners passed a resolution dated December 9,1974, prohibiting such work on private roads.
We find no error to reverse on this aspect of the appeal.
Ill
Defendants contend that they have acquired a private easement in the Old Caha-ba Road, through open, adverse and continuous use for more than twenty years. Defendants submit that the use of this road by Mr. and Mrs. Money and many other members of the public for thirty years or more was so open to the world, including Mrs. Gamble and her mother’s agent, Dr. Alison, that this Court should not now permit Mrs. Gamble “to play ostrich.” In reply, Gamble contends that the evidence is wholly insufficient to establish a private easement in favor of the defendants. Gamble further contends that it is the settled law in Alabama that a private easement is not established merely by use of the lands of another for a period of twenty years or more. Cotton v. May, 293 Ala. 212, 301 So.2d 168 (1974); West v. West, 252 Ala. 296, 40 So.2d 873 (1949). Gamble maintains that the defendants have failed to show that their use of the road was adverse to the owners of the servient estate for the prescriptive period. Gamble submits that neither she, nor her mother before her, had knowledge of any adverse user by the defendants. .
Defendants contend that the West decision cited by Gamble has been materially eroded by this Court. Defendants submit that the case of Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613 (1969), is dispositive of the issues herein. Defendants assert that a large number of families lived on the Old Cahaba Road, carried on daily activities on the road, attended church by use of the road and some of them even went to school at the church. Defendants contend that the evidence shows that the Old Cahaba Road is the sole road, is well defined, and is open to the general public. Accordingly, the defendants urge this Court to reverse and render the cause to the trial court, and set aside the trial court’s injunction.
Gamble asserts that the findings of fact by the trial court should not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the .witnesses. ARCP 52(a), Eubanks v. Richards, 294 Ala. 30, 310 So.2d 883 (1975). We agree. The conclusions of the trial judge, as contained in the final judgment, were based on findings determined from evidence which was conflicting. However, as to the three factual issues discussed in this opinion, we find that the judgment is fairly supported by credible evidence. Having reviewed the trial court’s findings of fact in accordance with this court’s rule of review, we fail to find that they are clearly and palpably wrong. Furthermore, we do not believe that the trial court made a misapplication of law to the facts. Murphree v. Swann, Ala., 342 So.2d 329. The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, SHORES and BEATTY, JJ., concur.