PER CURIAM.
 

 Roger Phillips and Annette Phillips appeal from a judgment entered against them in an action they instituted against the Water Works and Sewer Board of the Town of Ariton (“the Board”), alleging that the Board “improperly allowed third parties to use an easement that the Phillips[es] [had] deeded to the Board.” Phil-lipses’ brief, at 1. We reverse and remand.
 

 Facts and Procedural History
 

 In 1996, the Board purchased approximately 20 acres from two adjoining landowners, the Phillipses and Ed Jones, in
 
 *1207
 
 order to construct on the property a sewage-treatment plant and lagoon to serve the Town of Ariton. Prior to purchasing the land from the Phillipses and Jones, the Board planned to purchase all the land needed for the sewage-treatment plant and lagoon from Jones, and the purchase would have included Jones’s easement over the Phillipses’ land running approximately 800-400 yards from the Phillipses’ front yard. The Board planned to use the easement over the Phillipses’ land to lay a sewage pipeline. However, upon learning of the Board’s planned use of the easement, the Phillipses objected and threatened to interfere with the Board’s plans. The Board then sought a preliminary injunction prohibiting the Phillipses from interfering with its plans for the sewage-treatment plant and lagoon.
 

 The Board and the Phillipses negotiated a settlement pursuant to which the Board would purchase from the Phillipses approximately one-half the land needed for the sewage-treatment plant and lagoon and a new easement in a different location on the Phillipses’ property. The Board’s action was dismissed. The deed conveying the property from the Phillipses to the Board included the following pertinent language:
 

 “[T]he [Phillipses do] hereby grant, bargain, sell and convey unto [the Board] the following described real estate ...:
 

 [[Image here]]
 

 “Easement: A permanent 20 feet wide ingress/egress and utility easement
 

 [[Image here]]
 

 The purpose of the easement was to allow the Board to travel to and from the property on which it was constructing the sewage-treatment plant and lagoon and to “get a pipeline to the lagoon system.”
 

 Although Jones had a separate easement over the Phillipses’ land to gain access to his land, which was landlocked,
 
 [1]
 
 once the Phillipses granted the Board the easement, Jones began using the Board’s easement, by which he could access his land more directly. In 2008, an incident occurred involving the Board’s easement that caused the Board to send a letter to the Phillipses and Jones setting forth guidelines for the use of the easement. The letter stated:
 

 “There has been some question about the use of the sewer lagoon road. Ronnie Danner, Chairman of [the Board,] met with attorney Henry Steagall concerning the utility easements on the sewer road going to the Ariton sewer lagoon. According to the deeds of each party (Ed Jones and Roger Phillips) each should be given the right to egress and ingress to their properties and any person given written permission by each party[] (Ed Jones or Roger Phillips). No party is to leave the right-[of]-way until he or she is on the right property. No 4-wheelers on sewer road, or big heavy trucks, please.
 

 “Attorney Henry B. Steagall recommends to the Board to give Ed Jones and any person with written permission from Mr. Ed Jones to go to and from the Jones property.
 

 “After some discussion the Board moved to hereby authorize[] Ed Jones the privilege to use the Ariton sewer road to egress and ingress his property and any persons given written permission by Mr. Jones. The parties must
 
 *1208
 
 not get off the right-[of]-way until they have reach[ed] Mr. Jones’[s] property. All gates must be opened and closed and locked when passing through.”
 

 On May 6, 2005, the Phillipses sued the Board, challenging the Board’s authority to allow Jones, and whomever Jones authorized, use of the Board’s easement. The Phillipses alleged in their complaint that the Board “improperly allowed third parties to use an easement that the Phillips[es] [had] deeded to the Board.” Phil-lipses’ brief, at 1. On July 6, 2005, the Board filed its answer, denying the allegations of the complaint. On August 1, 2006, the trial court held a hearing at which ore tenus evidence was presented and on August 28, 2006, entered a judgment for the Board, holding, among other things, that the Board had the authority to allow certain third parties to use the easement for purposes other than the use and maintenance of the sewage-treatment plant and lagoon. On September 22, 2006, the Phil-lipses filed a motion to alter or amend the judgment or, in the alternative, for a new trial; the trial court denied the motion on October 16, 2006. The Phillipses appealed.
 

 Standard of Review
 

 In
 
 Marvin’s, Inc. v. Robertson,
 
 608 So.2d 391 (Ala.1992), this Court discussed the applicable standard of review of a judgment of a trial court based on ore tenus evidence:
 

 “Where ore tenus evidence is presented to the trial court, a presumption of correctness exists as to the court’s conclusions on issues of fact; its determination will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.
 
 Gaston v. Ames,
 
 514 So.2d 877, 878 (Ala.1987);
 
 Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc.,
 
 392 So.2d 1177 (Ala.1981). The judgment of a trial court based on ore tenus evidence is presumed correct, and its findings ‘will not be disturbed on appeal unless they are palpably wrong, manifestly unjust, or without supporting evidence.’
 
 McCoy v. McCoy,
 
 549 So.2d 53, 57 (Ala.1989). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment.
 
 Gaston,
 
 supra;
 
 Smith v. Style Advertising, Inc.,
 
 470 So.2d 1194 (Ala.1985);
 
 League v. McDonald,
 
 355 So.2d 695 (Ala.1978).”
 

 608 So.2d at 393.
 

 Issues and Analysis
 

 Initially, we note that the parties do not dispute the Board’s authority to allow anyone to use the easement for purposes related to the use and maintenance of the sewage-treatment plant and lagoon.
 
 [2]
 
 Rather, the Phillipses challenge the trial court’s holding that the Board has the authority to allow certain unaffiliated third parties to use the easement for purposes unrelated to the use and maintenance of the sewage-treatment plant and lagoon.
 

 First, the Phillipses argue that their complaint should be considered amended by operation of Rule 15(b), Ala. R. Civ. P., to conform to the evidence to include a request that the court enter a judgment declaring whether the Board has the authority to allow any third party who is unaffiliated with, unassociated with, or not employed by the Board to use its easement for purposes unrelated to the sewage-treatment plant and lagoon or the sewer pipeline. In their complaint, the Phillipses
 
 *1209
 
 alleged that the Board had improperly allowed Jones, a third party not affiliated •with or employed by the Board, to use its ingress/egress easement. The Phillipses requested “a decree prohibiting [the Board] from using [its] easement for ingress and egress of third parties.” The trial court held in its order, in pertinent part:
 

 “1. That the [Board] shall not let third parties who are not affiliated with or associated with or employed by the Board or third parties who are not an adjacent or abutting landowners use the easement.
 

 “2. That the Board shall be permitted to allow Ed Jones to use the easement in accordance with the conditions and guidelines as agreed to and in accordance with the judgment of August 28, 1985.[
 
 3
 
 ]”
 

 Therefore, as evidenced by the trial court’s final order, it is unnecessary to address the Phillipses’ Rule 15(b), Ala. R. Civ. P., argument because the Phillipses’ complaint contained an assertion to that effect and the trial court decided the issue.
 

 Next, the Phillipses argue that the trial court erred to the extent that it implicitly held that the Board has the authority to allow “adjacent or abutting landowners use [of] the easement,” which would include Jones, and to the extent that it held that the Board has the authority “to allow Ed Jones to use the easement in accordance with the conditions and guidelines as agreed to and in accordance with the judgment of August 28, 1985.” The Phillipses agree that their land is burdened by an express easement appurtenant to the land conveyed by them to the Board and that the Board, its employees, and its agents may use the easement in conducting their business related to the sewage-treatment plant and lagoon. Phillipses’ brief, at 20. However, the Phillipses argue that “such an easement does not devolve to a third person who is not an employee or agent of the dominant estate owner.” We agree.
 

 If an easement is granted ‘“for the benefit of some particular land it can not be used to accommodate some other tract of land adjoining or lying beyond. “ ‘One having a right of way appurtenant to
 
 certain
 
 land can not use it for the benefit of
 
 other
 
 land.’ ” ’ ”
 
 Weeks v. Wolf Creek Indus., Inc.,
 
 941 So.2d 263, 269 (Ala.2006) (quoting
 
 Loveman v. Lay,
 
 271 Ala. 385, 392, 124 So.2d 93, 99 (1960), quoting in turn
 
 West v. Louisville & Nashville R.R.,
 
 137 Ala. 568, 571, 34 So. 852, 853 (1903)). Further, “[p]rivate [easements] are confined in their use to the purposes for which they are granted, and cannot be extended by the grantees. When intended to give access only to particular premises, they cannot be used thereby to reach other lands.”
 
 West,
 
 137 Ala. at 571-72, 34 So. at 853.
 

 In
 
 Loveman v. Lay,
 
 supra, a dominant estate owner had an easement over the properties of two servient estate owners. The dominant estate owner also owned a piece of land adjoining and abutting his dominant estate, but not adjacent to the easement. The dominant estate owner allowed the easement to- be used to benefit his property adjoining and abutting the dominant estate by allowing coal to be brought in over the easement to heat the buildings on the land adjoining and abutting the dominant estate. The servient estate owners sought injunctive relief, and this Court determined that “the hauling of coal over the [easement] for the purpose of heating the building or buildings west of the [dominant estate] should be enjoined,” 271 Ala. at 393, 124 So.2d at 99, because,
 
 *1210
 
 “[i]f the [easement] is for the benefit of some particular land[,] it can not be used to accommodate some other tract of land adjoining or lying beyond.” 271 Ala. at 392, 124 So.2d at 99.
 

 In the present case, as determined by the trial court, the Phillipses granted the Board an easement for ingress and egress and authorized the Board to allow third parties to use it in relation to “the use of and maint[enanee] of the sewage treatment plant and lagoon.” The Board has attempted to allow Jones to use its easement to benefit Jones’s land, which adjoins and lies beyond the Board’s property, for purposes entirely unrelated to the Board’s use and maintenance of the sewage-treatment plant and lagoon. Therefore, the trial court erred in holding that the Board has the authority to enlarge its easement to benefit Jones’s land by allowing Jones and his “family, servants, agents, employees, licensees or guestfs]” to use its easement “in accordance with the judgment of August 28, 1985,” the judgment that awarded Jones his original easement. Allowing the Board to enlarge its easement by authorizing Jones, and whomever Jones in turn authorizes, to use the easement would be to allow the Board’s easement to be used to accommodate land that is adjoining or lying beyond the dominant estate. This the law does not allow.
 

 Conclusion
 

 Based on the foregoing, the trial court’s judgment is reversed to the extent that it held that the Board has the authority to allow “adjacent or abutting landowners use [of] the easement,” which includes Jones, and to the extent that it held that the Board has the authority “to allow Ed Jones to use the easement in accordance with the conditions and guidelines as agreed to and in accordance with the judgment of August 28, 1985,” and the case is remanded for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ„ concur.
 

 [1]
 

 . On August 28, 1985, in litigation between the Phillipses and Jones, the Dale Circuit Court found that "the Phillips [es] admit that a right of ingress and egress exists over their lands to the Jones land on the farm or field road" and that “the right of ingress and egress over ... the Phillips land on the farm or field road is appurtenant to the Jones land.”
 

 [2]
 

 . The trial court held, in pertinent part, "[t]hat the Board may allow anyone to use the easement for purposes related to the use of and maintaining of the sewage treatment plant and lagoon.”
 

 [3]
 

 . See supra note 1.